UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

DR. PAUL MAAS RISENHOOVER,
and for A.R.Y.L.L.R.,                                   Civil No. 12-1202 (SRN/JJG)

                    Plaintiff,

          v.                                            **REPORT AND**
                                                        **RECOMMENDATION**
HILARY CLINTON, TIM KUYKENDALL,
LINDA STINNETT, SUE McKENZIE,
JANA FORD, Esq., WASHINGTON
COUNTY COMMUNITY SERVICES, KARI
ANN LINDSTROM, PATRICIA KINZER,
THERESA WILSON, JENNA PENNFIELD,
GREGORY BROOKER, SECRETARY
RICE, THE AMERICAN INSTITUTE
TAIWAN, JOHN and JANE DOE(S), YING
LIANG, and Dr. PENGFEI ZHANG, with
NANCY and TERRY RISENHOOVER,
KATHLEEN SEBELIUS, President
BARACK HUSSEIN OBAMA II,

                    Defendants.

_____


          This matter is before the undersigned United States Magistrate Judge on

Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted

by 28 U.S.C. § 1915(a)(1).  (Docket No. 2.)  The case has been referred to this

Court for report and recommendation under 28 U.S.C. § 636 and Local

Rule 72.1.  For the reasons discussed below, it is recommended that Plaintiff's

IFP application be denied, and that this action be summarily dismissed, pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).  The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff's complaint is, for the most part, simply unintelligible. The complaint is a rambling, disorganized diatribe that appears to summarize Plaintiff's life story during the past twenty (or more) years.  After carefully reviewing Plaintiff's pleading, the Court finds that it does not state any actionable claim for relief.  The complaint is fatally defective because it does not present a

set of historical facts that would, if proven true, entitle Plaintiff to any judgment against any of the named Defendants under any cognizable legal theory.  Plaintiff has not described any specific acts or omissions by any of the named Defendants that could be viewed as a violation of his rights under any conceivable statute or common law doctrine.   In fact, most of the named Defendants are not even mentioned in any of the substantive allegations of Plaintiff's complaint.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plaintiff's current complaint does not meet this standard.   Again, Plaintiff has failed to describe anything that any of the named Defendants allegedly did, or failed to do, that could entitle him to any legal recourse under any legal theory.  Thus, the Court concludes that Plaintiff's complaint fails to state a cause of action on which relief can be granted.

Because Plaintiff has not pleaded an actionable claim for relief, the Court recommends that his IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

**RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be

**DENIED**; and

2.   This action be summarily **DISMISSED** pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).


Dated: June 7, 2012                    _s/ *Jeanne J. Graham*_____
                                       JEANNE J. GRAHAM
                                       United States Magistrate Judge


### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this
Report and Recommendation by filing and serving specific, written objections by
**June 22, 2012**.  A party may respond to the objections within fourteen days after
service thereof.  Any objections or responses shall not exceed 3,500 words.  The
District Judge will make a de novo determination of those portions of the Report
and Recommendation to which objection is made.